**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

| | |
|---|---|
| **ALI ABDELKADER ALAMEN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **Case No. 06-2198** |
| ) | |
| **MICHAEL CHERTOFF, Secretary of the** ) | |
| **Department of Homeland Secruity; BUREAU** ) | |
| **OF CITIZENSHIP AND IMMIGRATION** ) | |
| **SERVICES; EMILIO GONZALEZ, Director** ) | |
| **of the Bureau of Citizenship and Immigration** ) | |
| **Services; and RUTH A. DOROCHOFF,** ) | |
| **Chicago District Director, Bureau of** ) | |
| **Citizenship and Immigration Services,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**OPINION**

On October 11, 2006, Plaintiff Ali Abdelkader Alamen filed a complaint (#1) asking this court to determine his eligibility for naturalization or in the alternative, to order the Defendants to adjudicate his application for naturalization. On February 20, 2007, Plaintiff filed a Motion for Summary Judgment (#10). The matter is now fully briefed, and for the reasons that follow, the Motion for Summary Judgment is GRANTED.

FACTS

Plaintiff Alamen is a lawful permanent resident of the United States and filed his Application for Naturalization with the United States Citizenship and Immigration Services (USCIS) on

September 20, 2004. On July 26, 2005, Alamen was interviewed by USCIS Officer Weir at the Urbana, Illinois office. Alamen was notified by USCIS that a decision could not be made regarding his application pending a security clearance. On December 23, 2005, Alamen's attorney mailed a status inquiry form to the Chicago office of USCIS requesting the status of Alamen's interview and security check. Alamen received a written response from the Chicago office dated January 12, 2006. This response indicated that Alamen's background check had not been completed. Alamen's application for naturalization remains pending.

Defendants attached the Declaration of Philip Browndeis to its Response. Browndeis is the Supervisory Adjudication Officer of the Chicago District office. Browndeis indicates that when an alien applies for naturalization, three types of background checks are completed along with a check of the Department of Homeland Security's immigration systems. The first of these is an FBI fingerprint check for relevant criminal history records. The second is a check of the Interagency Border Inspection System (IBIS), which contains records and watch list information from various law enforcement and intelligence agencies. The third check is an FBI name check, which runs the alien's name against investigative databases of the FBI. Browndeis indicates that Alamen's fingerprints were processed by the FBI on February 3, 2005, and on November 20, 2006. USCIS has also obtained the results from Alamen's IBIS check. However, USCIS has not received the results of the FBI name check. USCIS submitted this request on October 1, 2004, and the request was expedited on October 31, 2006. Browndeis indicates that a request for naturalization cannot be adjudicated until all security checks have been completed.

## ANALYSIS

The statute upon which Alamen bases jurisdiction in this matter states:

> If there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

8 U.S.C. § 1447(b). The issue before this court is the meaning of the term "examination." Alamen asserts that the statute means that an applicant can bring a matter before the district court 120 days after he is interviewed by USCIS if no action has been taken on the application. Defendants assert that the 120 days does not start to run until USCIS has completed the interview and all investigations and background checks.

The vast majority of the courts which have been faced with this issue have determined that the term "examination" in § 1447(b) refers to the date of the examination interview with a USCIS officer. See Arshad v. Chertoff, 2007 WL 701185 (E.D. Tex. 2007); Manzoor v. Chertoff, 2007 WL 413227 (E.D. Va. 2007); Hussein v. Gonzales, 2007 WL 328691 (M. D. Fla. 2007); Khelifa v. Chertoff, 433 F. Supp. 2d 836 (E.D. Mich. 2006); Affaneh v. Hansen, 2007 WL 295474 (S.D. Ohio 2007); Astafieva v. Gonzales, 2007 WL 120852 (N. D. Cal. 2007); Shalabi v. Gonzales, 2006 WL 3032413 (E. D. Mo. 2006); Said v. Gonzales, 2006 WL 2711765 (W.D. Wash. 2006); Meyersiek v. USCIS, 2006 WL 1582397 (D.R.I. 2006); Daami v. Gonzales, 2006 WL 1457862 (D.N.J. 2006); Al-Kudsi v. Gonzales, 2006 WL 752556 (D. Or. 2006); Shalan v. Chertoff, 2006 WL 42143 (D. Mass. 2006). For example, in Khelifa the court found that the view of an examination as a process

is not supported by the statutory language which states that the 120 days commences on "the date on which the examination is conducted." Khelifa, 433 F. Supp. 2d at 841.  The court further noted that the relevant regulations indicate that an examination is comprised of the applicant's "appear[ance] in person before a Service officer designated to conduct examinations."  8 C.F.R. § 335.2(a); Khelifa, 433 F. Supp. 2d at 841.  The Regulations further indicate that "[t]he Service will notify applicants for naturalization to appear before a Service officer for initial examination on the naturalization application only after the Service has received a definitive response from the Federal Bureau of Investigation that a full criminal background check of an applicant has been completed." 8 C.F.R. § 335.2(b).  As noted by the court in Khelifa, "[b]y referring separately to the FBI background check and the 'initial examination,' and mandating that the former must be completed before the latter will be conducted, this provision plainly contemplates that the background check is independent from, as opposed to a part of, the 'examination,' that is described in this agency regulation." Khelifa, 433 F. Supp. 2d at 841.  This court agrees with the reasoning of the court in Khelifa and the weight of authority that the background check is separate from the 'examination,' which occurs when the applicant appears before a Service officer.

Having determined that the date of the applicant's interview begins the running of the 120 day time period, this court finds it has jurisdiction over this matter because Alamen's interview occurred well more than 120 days prior to this suit being instituted.  Alamen was interviewed on July 26, 2005, and this suit was instituted on October 11, 2006.  This court therefore turns to the appropriate remedy.  The statute provides that this court "may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter."  8 U.S.C. § 1447(b).  Defendants ask that this court remand the matter with instructions to obtain the

background check from the FBI within 90 days and to make a final determination on the application within 120 days thereafter. Alamen agrees that this matter should be remanded, but argues that Defendants should only be allowed ninety days to make a determination on the application. The court believes that to allow Defendants an additional 210 days is excessively lengthy in light of Congress' intent that a decision be made on applications within 120 days of the examination because we are already well past the deadline. On the other hand, this court is cognizant that there are great demands on the FBI to complete the background checks in these cases. See Arshad, 2007 WL 701185 at *3. Accordingly, this case is remanded to USCIS for a determination on Aramen's application within 120 days of entry of this order.

IT IS THEREFORE ORDERED:

(1) Plaintiff's Motion for Summary Judgment (#10) is GRANTED.

(2) This case is remanded to USCIS for a determination on Plaintiff's application for naturalization within 120 days of entry of this order.

(3) This case is terminated.

ENTERED this 4th day of April, 2007

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE